Linda Bondi Morrison, Esq. (SBN 210264)
lmorrison@tresslerllp.com
Erfan Samsam Shariat, Esq. (SBN 320330)
eshariat@tresslerllp.com
TRESSLER LLP
4 Park Plaza, Suite 1200
Irvine, California 92614
Telephone: (949) 336-1200
Facsimile: (949) 752-0645

Attorneys for Plaintiff,
EVANSTON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | Case No.: |
| Plaintiff, | **EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| ESTENSON ELECTRICAL ENTERPRISE, INC.; THE ESTATE OF SANTOS ANTONIO JEREZ RODAS, by and through its successor-in-interest Juan Antonio Jerez Rivas; JUAN ANTONIO JEREZ RIVAS, individually and as successor-in-interest to the Estate of Santos Antonio Jerez Roda; ISIDRA RODAS SANTOS; and JUAN ISIDRO JEREZ RODAS, a minor, by and through his Guardian Ad Litem, Flor de Maria Jerez-Ballona, | |
| Defendants. | |

Plaintiff Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief against Defendant Estenson Electrical Enterprise, Inc. ("Estenson"); The Estate of Santos

1

Antonio Jerez Rodas by and through its successor-in-interest Juan Antonio Jerez Rivas; Isidra Rodas Santos; and Juan Isidro Jerez Rodas, a minor, by and through his Guardian Ad Litem, Flor de Maria Jerez-Ballona (collectively, the "Underlying Plaintiffs"), and states as follows:

**INTRODUCTION**

1. Evanston brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 seeking a declaration that it owes no duty to defend or indemnify Estenson in a lawsuit filed by the Underlying Plaintiffs under an Environmental Policy Evanston issued to Estenson.

2. The underlying lawsuit, *The Estate of Santos Antonio Jerez Rodas, et al. v. Estenson Electrical Enterprise, Inc., et al.*, Case No. 24CV104490 (the "Underlying Action"), filed in the California Superior Court for the County of Alameda, alleges that on or about December 27, 2022, while working at the PABCO Gypsum facility in Newark, California, decedent Santos Antonio Jerez Rodas ("Decedent") was killed when he became engulfed in gypsum powder and was asphyxiated.

3. The Underlying Action alleges that Estenson was engaged in the business of electrical contracting and did business with PABCO at the facility where Decedent was killed.

4. The Underlying Action alleges that Estenson was negligent in its operations at the PABCO facility and that such negligence caused or contributed to the death of Decedent.

5. Evanston agreed to defend Estenson in the Underlying Action subject to a reservation of rights and later determined that it had no obligation to defend or indemnify Estenson in the Underlying Action. Evanston has informed Estenson that it intends to withdraw from Estenson's defense.

/ / /

/ / /

2

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

6.     Evanston has no duty to defend or indemnify Estenson in the Underlying Action because coverage under its policy does not apply for the reasons addressed herein.

**PARTIES**

7.     Evanston is now, and at all times relevant herein was, a domestic surplus lines insurer incorporated in the state of Illinois, with its principal place of business in Rosemont, Illinois.

8.     At all relevant times, Evanston was and is on the list of approved surplus lines insurers in California.

9.     Defendant Estenson Electrical Enterprise, Inc. is a California corporation with its principal place of business in Benicia, California.

10.     Defendant The Estate of Santos Antonio Jerez Rodas is sued herein by and through its successor-in-interest and personal representative, Juan Antonio Jerez Rivas, who is an individual, and the father of the Decedent, who is domiciled in the State of California.

11.     Defendant Isidra Rodas Santos is an individual and the mother of the Decedent, who is domiciled in the State of California.

12.     Defendant Juan Isidro Jerez Rodas, a minor and the brother of Decedent, is sued by and through his Guardian Ad Litem, Flor De Maria Jerez-Ballona.

**JURISDICTION AND VENUE**

13.     Evanston files this action in the United States District Court for the Northern District of California on the basis of diversity of citizenship.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Evanston and all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

events or omissions giving rise to the claims occurred in this judicial district, including the location of the incident at issue in the Underlying Action, because the Underlying Action is pending in this judicial district, and because Estenson and the Underlying Plaintiffs are subject to this Court's personal jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

### The Underlying Action

16.     On or about December 27, 2022, a fatal workplace incident involving Decedent occurred at the PABCO Gypsum facility located at 37851 Cherry Street, Newark, California (the "Facility").  According to the Underlying Action, Decedent, who was employed by PABCO Gypsum, was working in an area near the Facility's industrial air filtration and dust collection equipment when the Decedent became "engulfed in gypsum powder and asphyxiated," resulting in his death.  At the time of the incident, Estenson was at the Facility conducting unrelated electrical work. Estenson has never owned, leased, or operated the Facility.

17.     On December 23, 2024, the Underlying Plaintiffs filed the Underlying Action against Estenson and others, asserting a cause of action for negligence against Estenson, and alleging products liability claims against the others.

18.     A copy of the complaint in the Underlying Action is attached hereto as **Exhibit 1**.

19.     The Underlying Action alleges that Estenson was hired to provide services related to the gypsum plant system and/or components that were part of the gypsum facility where the Decedent worked.

20.     The Underlying Action also alleges that Estenson was negligent in how it "serviced, operated, installed, inspected, evaluated, analyzed, planned, advised, trained, approved, tested, maintained, observed, aided, assisted, did troubleshooting, instructed, communicated, and/or warned or failed to warn, regarding the industrial air filtration, dust collection and environmental filtration equipment and/or its components that was an integral part of the gypsum facility where decedent worked.

4

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

This included but was not limited to the use, operation, and/or lock out of this equipment."

21.    Estenson tendered the Underlying Action to Evanston on February 24, 2025.

### The Evanston Policy

22.    Evanston issued Environmental Policy No. ECPENV03179 (the "Policy") to Estenson for the policy period July 27, 2021 to July 27, 2023, in Benicia, California.

23.    The Policy includes, among other things, Contractor's Pollution Liability.

24.    The Policy states in relevant part:

**CONTRACTOR'S POLLUTION LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

    **A.**    **Insuring Agreements**

*    *    *

    **1.**    **Contractor's Pollution Liability**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "cleanup costs" caused by a "pollution condition" to which this insurance applies, provided:

    **a.**    The "pollution condition" arises out of "your work" performed during the policy period, except for a "pollution condition" arising out of the "completed operations" of "your work"; and

    **b.**    The "bodily injury" or "property damage" occurs, or the "cleanup costs" are incurred, during the policy period.

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

* * *

**B.    Claims And Defense**

* * *

**2.**    We will have the right and duty to defend the insured against any "suit" seeking those damages to which this insurance applies.  However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply…

* * *

**<u>SECTION VI – DEFINITIONS</u>**

* * *

**2.**    "Bodily injury" means physical injury, sickness, disease, mental anguish or emotional distress sustained by any person, including medical monitoring or death resulting from any of these at any time.

* * *

**23**.    "Pollutants" means, but is not limited to, any solid, liquid, gaseous, thermal, biological or radioactive substance, material or matter, irritant or contaminant including smoke, vapors, soot, silt, sedimentation, fumes, acids, alkalis, chemicals and waste.

**24.**    "Pollution condition" means the discharge, dispersal, seepage, migration, release or escape of "pollutants".

* * *

**35.**    "Your work":

    **a.**    Means:

        **(1)**    Contracting work or contracting operations as disclosed in the application or specifically endorsed hereon performed by you or on your behalf for

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

others at a location that you do not own, control, rent or occupy other than for the purpose of performing "your work"; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work";

**(2)** The providing of or failure to provide warnings or instructions;

**(3)** The "completed operations" of "your work"…

\*    \*    \*

## FIRST CAUSE OF ACTION

(For Declaratory Relief that Evanston owes Estenson No Duty to Defend)

25.    Evanston hereby re-alleges and incorporates herein all allegations in the preceding paragraphs in this complaint.

26.    An actual controversy has arisen and now exists between Evanston and Estenson in that Estenson contends that Evanston is obligated under the terms of the Policy to defend Estenson in the Underlying Action, whereas Evanston contends that it owes no duty to defend Estenson because Decedent's "bodily injury" was not caused by a "pollution condition" as required by the Policy.  Rather, the "bodily injury" was caused by an industrial accident that does not qualify as a "pollution condition."

27.    Evanston seeks a judicial determination that it owes no duty to defend Estenson in connection with the allegations in the Underlying Action.

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

## SECOND CAUSE OF ACTION

### (For Declaratory Relief that Evanston owes Estenson No Duty to Indemnify)

28.    Evanston hereby re-alleges and incorporates herein all allegations in the preceding paragraphs in this complaint.

29.    An actual controversy has arisen and now exists between Evanston and Estenson in that Estenson contends that Evanston is obligated under the terms of the Policy to indemnify Estenson in the Underlying Action, whereas Evanston contends that it owes no duty to indemnify Estenson because Decedent's "bodily injury" was not caused by a "pollution condition" as required by the Policy.  Rather, the "bodily injury" was caused by an industrial accident arising out of a breach in safety measures, which caused a large quantity of gypsum powder to fall, burying the Decedent and suffocating him.  Decedent's injuries and death were not caused by the discharge, dispersal, seepage, migration, release or escape of "pollutants."

30.    Evanston seeks a judicial determination that it owes no duty to indemnify Estenson in connection with the allegations in the Underlying Action.

## THIRD CAUSE OF ACTION

### (For the Underlying Plaintiffs to be Bound by Determinations of Coverage)

31.    Evanston hereby re-alleges and incorporates herein all allegations in the preceding paragraphs in this complaint.

32.    The Underlying Plaintiffs are plaintiffs in the Underlying Action.

33.    An adjudication of coverage under the Policy may impact a potential source of recovery for any judgment that the Underlying Plaintiffs may secure against Estenson in the Underlying Action.

34.    Evanston seeks a determination by the Court that the Underlying Plaintiffs are bound by the coverage determinations in this action in the event that they seek to recover from Evanston pursuant to California Insurance Code § 11580(b)(2), in the event of a judgment against Estenson, or for any other reason.

/ / /

8

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

## **PRAYER FOR RELIEF**

WHEREFORE, Evanston Insurance Company requests judgment in its favor as follows:

1. A declaration that Evanston owes no duty to defend Estenson in the Underlying Action because the alleged "bodily injury" was not caused by a "pollution condition" as required under the Policy;

2. A declaration that Evanston owes no duty to indemnify Estenson for the claims and damages alleged in the Underlying Action;

3. A declaration that the Underlying Plaintiffs are bound by the coverage determinations of this Court in this action;

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  May 15, 2026          **TRESSLER LLP**

By: */s/ Linda Bondi Morrison*
Linda Bondi Morrison
Erfan Samsam Shariat
Attorneys for Plaintiff,
EVANSTON INSURANCE COMPANY

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF